(Pleito No. 190.—Fallado en 24 de Abril de 1902.)

## ESMORIS contra SCHULZE.

RECURSO contra sentencia dictada por la Corte de Distrito de Mayagüez.

EJECUCIÓN DE UN DERECHO DE HIPOTECA HIPOTECADO. Los derechos adquiridos por el cesionario de una hipoteca pueden reclamarse mediante ejecución, dentro de los límites legales á que alcanza la escritura de sub-hipoteca, sin que para nada influya en el despacho de la ejecución la circunstancia de estar ó no vencidos los plazos de la hipoteca constituída, y teniendo el ejecutante que ajustarse á lo estrictamente estipulado en la escritura hipotecaria.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á veinte y cuatro de Abril de mil novecientos dos, en el pleito, pendiente ante Nos, en virtud de recurso de casación por infracción de ley, seguido en la Corte de Distrito de Mayagüez por los Sres. Sucesores de Esmoris y Cª, sociedad en comandita, domiciliada en dicha Ciudad de Mayagüez, dirigida y representada ante este Tribunal Supremo por el Letrado Don Antonio Alvarez Nava, contra los Sres. Schulze y Cª en liquidación, que no ha comparecido por el estado en que se encuentra el litigio, sobre despacho de ejecución.— Resultando: Que por escritura pública, primera copia, de treinta de Julio de mil novecientos, los Sres. Schulze y Cª, en liquidación, reconocieron estar adeudando con anterioridad á los Sres. Sucesores de Esmoris y Cª, sociedad en comandita, la cantidad de tres mil doscientos cincuenta y dos pesos, veinte y cinco centavos, de moneda provincial y en garantía de esa deuda la sociedad deudora les hipotecó el derecho de hipoteca que ésta tiene constituído á su favor por escritura de treinta de Abril de mil novecientos, en finca de Don Victoriano Liquet y Cabot, por la cantidad de cinco mil ochenta pesos cuarenta y dos centavos provinciales, cuya suma se comprometió á satisfacer Liquet á Schulze y Cª, en liquidación, en plazos que se determinaron en la referida escritura últimamente citada, venciendo el primero en treinta

y uno de Diciembre de mil novecientos y el último en igual día y mes de mil novecientos cuatro.—Resultando: Que con dicha escritura de treinta de Julio de mil novecientos, inscrita en el Registro de la Propiedad, los Sres. Sucesores de Esmoris y Cª, sociedad en comandita, presentaron, en nueve de Agosto del año próximo pasado, escrito de demanda ejecutiva y solicitaron de la Corte de Mayagüez el despacho de mandamiento de ejecución contra bienes de los Sres. Schulze y Cª, en liquidación, y especialmente sobre el derecho hipotecado por la cantidad de tres mil doscientos cincuenta y dos pesos, veinte y cinco centavos, moneda provincial, ó sean mil novecientos cincuenta y un pesos, treinta y cinco centavos, oro americano.—Resultando: Que dicha Corte, por auto de diez y siete de Agosto, resolvió que no había lugar á despachar la ejecución bajo el fundamento de que no estaba vencido más que un plazo de la hipoteca de Liquet á favor de la sociedad ejecutada, y por consiguiente no podía reclamarse la totalidad.—Resultando: Que contra dicho auto se interpuso recurso de súplica por la representación de Sucesores de Esmoris y Cª, que fué denegado, por el motivo anteriormente consignado, en auto de veinte y cuatro del mismo mes de Agosto.—Resultando: Que dentro del término se formalizó por la representación de dichos señores, citados anteriormente, el recurso de casación por infracción de ley, autorizado por el número 1 del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando como infringidos:—Primero. El artículo 107, del caso 8º de la Ley Hipotecaria, por aplicación errónea, porque dicha disposición no niega el derecho del acreedor á embargar el crédito sub-hipotecado, pues sólo dice que quedará sujeto á la resolución de ese derecho, y en ello no hay inconveniente alguno.—Segundo. El artículo 1,445 de la Ley de Enjuiciamiento Civil, que permite embargar en el juicio ejecutivo, los créditos, derechos y acciones del ejecutado, realizables en el acto, y si esto es así, también y con mayor razón puede embargarse un crédito hipotecario, máxime cuando ese crédito está sub-hipotecado á favor del

demandante.—Tercero. Los artículos 1,427 y 1,433 de la citada ley procesal, y la doctrina legal de que las autoridades judiciales no tienen iniciativa propia, y son puramente pasivas en los asuntos civiles.—Y en tal concepto ha debido despacharse la ejecución, porque sólo al ejecutado correspondía alegar en la oposición las excepciones que autoriza la ley.— Resultando : Que dicho recurso se sostuvo en la vista celebrada el doce del corriente.—Visto : Siendo Ponente el Juez Asociado Don José M.ª Figueras Chiqués.—1.º Considerando : Que la Corte de Mayagüez ha dado al número 8.º del artículo 107 de la Ley Hipotecaria un alcance que no tiene, porque al afirmarse en esa disposición que el derecho de hipoteca voluntaria es hipotecable, quedando pendiente la que se constituya sobre él de la resolución del mismo derecho, se refiere única y exclusivamente á los efectos del Registro, regulados en la regla 4.ª del artículo 137 del Reglamento y sus referentes 152 y 154 de la Ley Hipotecaria citada.—2.º Considerando : Que hoy no se trata de otra cosa que de una subrogación en el lugar del hipotecario, dentro de los límites legales á que alcanza la escritura de sub-hipoteca, sin que para nada influya ni pueda influir en el despacho de la ejecución la circunstancia de estar ó no vencidos los plazos de la hipoteca constituída por Liquet, que es el propietario de la finca gravada y que tendrá buen cuidado, si llega á ejecutársele, de que el ejecutante se ajuste á lo estrictamente estipulado en su escritura hipotecaria.—3.º Considerando : Que la Corte de Mayagüez ha cometido las infracciones que se alegan en el recurso.—Fallamos : Que debemos declarar y declaramos haber lugar al recurso de casación por infracción de ley, interpuesto á nombre de los Sres. Sucesores de Esmoris y C.ª, sociedad en comandita, y en su consecuencia casamos y anulamos el auto dictado por la Corte de Mayagüez, en diez y siete de Agosto y su concordante de veinte y seis del mismo año próximo pasado ; despáchese la ejecución y sustánciese en juicio con arreglo á derecho, á cuyo fin comuníquese con certificación de esta resolución—Así por esta

nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José M.ª Figueras. —J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José M.ª Figueras Chiqués, celebrando audiencia pública dicho Tribunal, en el día de hoy, de que como Secretario certifico, en Puerto Rico, á veinte y cuatro de Abril de mil novecientos dos.—Antonio F. Castro, *Secretario*.